JUDGE RAKOFF    **07 CV    6280**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MED-ASIA SHIPPING LTD.,

               Plaintiff,

- against -

FAST SHIPPING AND TRADING CO.,

               Defendant.
------------------------------------------------------------X

07 Civ. _____



## VERIFIED COMPLAINT

Plaintiff, MED-ASIA SHIPPING LTD. ("Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, FAST SHIPPING AND TRADING CO. ("Defendant"), alleges, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law.

3.    Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under foreign law.

4.    At all material times Plaintiff was the disponent Owner of the ocean going motor vessel "HONG PROSPERITY" (hereinafter the "Vessel").

5.    Pursuant to a charter party dated June 25, 2007, Plaintiff chartered the Vessel to Defendant for a trip from Misurata to Rizhao/Lanshan/Lianyungang, Peoples Republic of China.

6. Disputes arose between the parties when the Defendant wrongfully canceled the charter and failed to perform its obligations all in breach of the charter party contract.

7. As a result of Defendant's cancellation of the charter, Plaintiff has suffered damages including but not limited to, lost time while waiting at the load port, lost profits in relation to the cancelled charter (as a result of having to position the Vessel to ports in the People's Republic of China), and costs related to the cancellation of bunkers in Jeddah.

8. Pursuant to the charter party contract, all disputes between the parties are to be submitted to arbitration in the City of London, England.

9. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration. As best as can now be estimated, Plaintiff expects to recover the following amounts in the arbitration:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | |
| | Lost time while waiting at load port: | | $126,000.00 |
| | Loss of profit damages: | | $135,000.00 |
| | Cancellation of bunkers in Jeddah: | | $1,500.00 |
| B. | Interest on claims: | | $36,130.24 |
| | 2 years at 6.5%, compounded quarterly | | |
| C. | Attorneys' fees: | | $75,000.00 |
| D. | Arbitration costs/expenses: | | $15,000.00 |
| **Total** | | | **$388,630.24** |

10. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

11. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration (if necessary) and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$388,630.24** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

3

D.   That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

E.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.   That this Court award Plaintiff its attorneys' fees and costs of this action; and

G.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: July 9, 2007
       Southport, CT

> The Plaintiff,
> MED-ASIA SHIPPING LTD.
>
> By: _____
> Patrick F. Lennon (PL 2162)
> Nancy R. Peterson (NP 2871)
> LENNON, MURPHY & LENNON, LLC
> 420 Lexington Ave., Suite 300
> New York, NY 10170
> (212) 490-6050 – phone
> (212) 490-6070 – fax

## ATTORNEY'S VERIFICATION

State of Connecticut )
) ss.:  Southport
County of Fairfield )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   July 9, 2007
         Southport, CT

                                             *signature*
                                             Nancy R. Peterson